IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHUNTAY ANTONIO BROWN,<br><br>        Plaintiff,<br><br>   vs.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 16-33<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

AMBROSE, Senior District Judge

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending before the Court is Defendant's Motion for Change of Venue. [ECF No. 10]. Defendant has filed a brief in support of her motion, and Plaintiff, who is proceeding *pro se*, has filed a response in opposition. [ECF Nos. 11 and 15]. After careful consideration of the submissions of the parties, I am granting Defendant's Motion.

Plaintiff has brought this action pursuant to section 405(g) of the Social Security Act (the "Act") purporting to seek review of the final decision of the Commissioner of Social Security ("Commissioner") denying an application for benefits under the Act. See Complaint [ECF No. 4]. Defendant's Motion argues that venue in this district is improper because Plaintiff does not reside here. Section 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. <u>Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the</u>

1

<u>District of Columbia</u>. . . .

42 U.S.C. § 405(g) (emphasis added).

In his Complaint, Plaintiff lists his residence as being in Chicago, Illinois, located in the Northern District of Illinois. [ECF No. 4, at 4]. Plaintiff also lists the Chicago, Illinois address as his address in his Response in Opposition to Defendant's Motion. <u>See</u> ECF No. 15, at 4 (listing address as 1458 South Canal Street, Chicago, IL 60607). There is no indication that Plaintiff maintains a principal place of business elsewhere.[1] Because, under Section 405(g), venue must lie in the district where Plaintiff resides, I agree that venue in this district is improper.

In his Response, Plaintiff does not argue that he resides within the Western District of Pennsylvania. Rather he states that he "chose the Western District of Pennsylvania . . . because that is where the decision was mailed and where the defendant conduct *[sic]* business." [ECF No. 15, ¶ 8]. Reviewing Plaintiff's response in its entirety, it appears that he relies on the general provisions of 28 U.S.C. §1391 to establish venue, without considering the specific venue provision set forth in section 405(g). [ECF No. 15]. Section 1391, however, does not apply where, as here, a statute contains its own venue provision. <u>See</u> 28 U.S.C. § 1391(a) (section is applicable "[e]xcept as otherwise provided by law").

Because Plaintiff does not reside in the Western District of Pennsylvania, venue in this district is improper. Under Section 405(g), venue properly lies in the district where Plaintiff

---

[1] Plaintiff's Civil Cover Sheet in this case states that he is homeless. [ECF No. 4-1]. Although he listed a Pittsburgh, PA address in the "attorney" section of the cover sheet, he has proceeded *pro se* throughout the case. <u>Id.</u> Elsewhere on his Cover Sheet, Plaintiff checked "citizen of a different state" when asked for his citizenship. <u>Id.</u> In phone calls to the Court, Plaintiff indicated he did not receive court mailings addressed to the Pittsburgh, PA address and requested that mailings instead be sent to an address in Washington, D.C. Defendant also notified the Court that a package she mailed to Plaintiff at the Pittsburgh address containing a copy of the instant motion and brief was returned to sender. [ECF No. 14]. Moreover, in his Response in Opposition to the instant Motion, Plaintiff does not contend that he resides in Pennsylvania. [ECF No. 15]. Thus, nothing in Plaintiff's Complaint, Civil Cover Sheet, or elsewhere establishes his residence in the Western District of Pennsylvania as required by Section 405(g).

resides, *i.e.*, the Northern District of Illinois.[2] Accordingly, Defendant's Motion to Transfer Venue is granted, and this action is transferred to the United States District Court for the Northern District of Illinois. An appropriate Order follows.

---

[2] Again, although Plaintiff has used various addresses in correspondence with Defendant and the Court, he does not allege that he actually resides at any of these addresses. Rather, as set forth above, Plaintiff lists a Chicago, Illinois address in both his Complaint and Response in Opposition to this Motion. Based on the record before me, I find no reason to dispute that Plaintiff resides in the Northern District of Illinois.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHUNTAY ANTONIO BROWN,)
)
    Plaintiff,)
)
vs.) Civil Action No. 16-33
)
CAROLYN COLVIN, Acting Commissioner)
of Social Security,)
)
    Defendant.)
)

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 4th day of October, 2016, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Change of Venue [ECF No. 10] is GRANTED, and the above-captioned action shall be transferred to the United States District Court for the Northern District of Illinois forthwith.

                                                                BY THE COURT:

                                                                /s/ Donetta W. Ambrose
                                                                Donetta W. Ambrose
                                                                U.S. Senior District Judge